Roberto Camacho GAMINO; Maricela Zepeda Medina, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73451.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Roberto Camacho Gamino, Santa Ana, CA, pro se.

Maricela Zepeda Medina, Santa Ana, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, DOJ—U.S. Department of Justice,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

## MEMORANDUM **

Roberto Camacho Gamino and his wife are natives and citizens of Mexico. They petition for review pro se from the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying the petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law"). To the extent the petitioners contend that the BIA failed to consider some or all of the evidence they submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

We dismiss petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship, because it does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

